```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

         -v-

ANDREW ECHEVARRIA ET AL,

                Defendants.

------------------------------------------------------------X

S2 15 Cr. 445(PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    An initial pretrial conference is scheduled in this case for 9:30 a.m. tomorrow, December 11, 2015, in **courtroom 318 of 40 Centre Street** (the Thurgood Marshall courthouse). To assure an orderly and productive conference, and to assure that the defense and the Court receive the information necessary for the Court to thoughtfully set a schedule in this 26-defendant case, the Court directs the Government to be prepared, when so directed by the Court at the conference, to:

    1.    Summarize the case, including the charges in the indictment.

    2.    Report on whether a further superseding indictment is contemplated, and whether charges presently brought, or contemplated, against any defendant may necessitate capital review by the Attorney General.

    3.    Describe and quantify the Rule 16 discovery that the Government intends to produce, and the timetable on which such discovery will be produced; and state whether there is additional potential Rule 16 material that the Government is in the process of obtaining (e.g., records of state-court proceedings).

    4.    Identify any searches, seizures, post-arrest statements, or identification procedures used; and indicate the timetable on which Rule 16 discovery as to such events will be produced. (This is to enable the Court to get an early sense of the extent, if any, to which there are potential suppression motions, and to enable the Court to set a deadline and timetable for the making of suppression motions.)

    At tomorrow's conference, the Court will solicit the views of all counsel as to an appropriate schedule in the case. For counsel's benefit, the following reflect the Court's general practices in criminal cases.

    The Court generally does not set a trial date (or dates) at the initial conference. Instead, the Court generally leaves that determination for a second (or later) conference. This enables counsel,

particularly defense counsel, to obtain greater familiarity with the charges, the evidence, and their clients. It also enables the Court to set a trial date (or dates) at a time when it has a better understanding of which defendants are likely to go to trial, which defendants are logically and properly tried together, and the likely duration of any trial. The Court strongly disfavors trials involving more than five defendants. The Court ordinarily requires defense counsel, at the second conference in the case, to notify the Court of any suppression motions that they intend to make, so as to enable the Court set a prompt schedule for briefing of (and evidentiary hearings, if warranted, on) such motions.

Finally, at the conference, the Court will invite counsel to raise other issues of concern. Tomorrow's all-defendants conference, however, is not the appropriate forum in which to appeal a bail determination by the Magistrate Judge. To the extent counsel wishes to appeal such a determination, counsel are to contact the Court's deputy to schedule a defendant-specific conference for that purpose. In advance of any such conference, the Court asks the party who has brought the bail appeal to furnish the Court with the pretrial services report as to the defendant in question and a transcript of the hearing before the Magistrate Judge at which the bail determination was made.

SO ORDERED.

Dated: December 10, 2015
New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge