

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 11, 2016

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States* v. *Jonathan Rodriguez, et al.*, S6 15 Cr. 445 (PAE)

Dear Judge Engelmayer:

    The Government respectfully writes in response to the Court's Order of September 29, 2016, in which the Court requested that counsel for the parties identify any additional issues they intended to raise at the final pretrial conference to be held on October 14, 2016. The Government does not currently intend to raise additional issues for decision by the Court during the October 14, 2016 conference. The Government writes to inform the Court, however, of two issues that the Government believes may warrant short letter submissions from the Government in advance of trial.

    *First*, the Government is currently in discussions with defense counsel regarding whether they will agree to permit an undercover officer who conducted controlled purchases of narcotics from 18 Park members, including Raheem Amarizan, to testify under a pseudonym. In *United States* v. *Tyrone Felder*, 14 Cr. 546 (VEC), this same undercover officer testified about controlled purchases of narcotics under a pseudonym, and the Government has proposed that the undercover officer be permitted to do the same here. The Government is optimistic the parties will reach an agreement on this issue, which would obviate the need for a resolution by the Court. But in the event the parties do not reach such an agreement, the Government may raise the issue with the Court in a short letter brief.

    *Second*, the Government anticipates that it may move to preclude certain limited areas of cross examination as to specific witnesses who testify at trial. The Government is currently working to finalize and reduce its witness list, and to identify any areas of cross examination it believes should be precluded as to the witnesses it calls at trial. To the extent the Government identifies any such issues, the Government anticipates it may file short letters seeking to preclude those areas of cross-examination.

*Finally*, the Government anticipates that, as the Government meets with witnesses in preparation for trial, it may become aware of additional racketeering acts that would be the subject of witness testimony. The Government will provide defense counsel and the Court prompt notice of such additional racketeering acts in advance of trial.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:       /s/
James McDonald
Max Nicholas
Assistant United States Attorneys
Tel. (212) 637-2405/1565

cc: John Burke, Esq. (Counsel for Raheem Amarizan)
    Peter Brill, Esq. (Counsel for Corey Heyward)
    Guy Oksenhendler, Esq. (Counsel for Miguel Romero)