UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN HARRIS,<br><br>         Movant,<br>   -v-<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | 18 Civ. 5248 (PAE)<br><br>15 Cr. 445-11 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

  The Court has reviewed the *pro se* motion of Jonathan Harris for relief pursuant to 28 U.S.C. § 2255 (Dkt. 1 in 18 Civ. 5248), the Government's memorandum of law in opposition (Dkt. 946 in Dkt. 15 Cr. 445) ("G. Mem."), Harris's response (Dkt. 4 in 18 Civ. 5248), Harris's supplemental brief (Dkt. 5 in 18 Civ. 5248), and the Government's response to that supplemental brief (Dkt. 7 in 18 Civ. 5248). For the reasons that follow, the Court denies Harris's petition.

  1. Harris pled guilty, pursuant to a plea agreement, to two counts. Count One charged him with participating in a conspiracy to commit racketeering, in connection with the Bronx-based "18 Park" gang, in violation of 18 U.S.C. § 1962(d). Harris also pled guilty to a lesser included offense within the scope of Count Eight, which charged him with possession of a firearm, in furtherance of both a racketeering conspiracy and a narcotics conspiracy, in violation of 18 U.S.C. § 924(c). Harris's Sentencing Guideline range was between 195 and 228 months imprisonment. The Court sentenced Harris to a below-guidelines sentence of 132 months imprisonment.

  2. Harris's petition challenges his conviction on the Count Eight firearms count in light of recent case law limiting the scope of the "crime[s] of violence" to which firearms offenses under

§ 924 can properly apply. These cases include *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held void for vagueness the residual clause of 18 U.S.C. § 924(e)(2)(B)(i), and, most recently, *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated, as unconstitutionally vague, the residual clause of the definition of "crime of violence" to which a § 924(c) charge may apply. After *Davis*, for purposes of § 924(c), a "crime of violence" is limited to offenses that contain, as an element, the use of force. Harris argues that the racketeering conspiracy to which his § 924(c) conviction applies is not such an offense, and that that conviction must therefore be vacated.

3. Harris's premise is correct that, under *Davis*, a racketeering conspiracy, defined by its elements, is not inherently a "crime of violence." The predicate offenses to which the participants in a racketeering conspiracy may engage may encompass, for example, fraud offenses, which do not have violence as an element.

4. Harris's conclusion that his conviction on Count Eight must be vacated as invalid on account of *Davis* is, however, wrong. That is because Harris's firearms possession as charged in Count Eight was tied *both* to a racketeering conspiracy *and* a narcotics conspiracy. And § 924(c) applies to firearms possession in connection with either a "crime of violence" or a "drug trafficking crime," *see* 18 U.S.C. § 924(c)(1)(A). The latter means of violating § 924(c) is unaffected by *Davis*, which limits only the scope of the first of these terms, "crime of violence."

5. The record of Harris' case makes clear that his plea encompassed possession of a firearm in connection with a drug trafficking offense. Count Eight explicitly so stated, as did Harris's written plea agreement, *see* Dkt. 946-1 in 15 Cr. 445, at 1. And at Harris's guilty plea allocution, the Court confirmed that Harris understood that the Count Eight lesser included offense charged him with possessing a firearm both in connection with the 18 Park racketeering

conspiracy *and* with a narcotics conspiracy among the gang, *see* Dkt. 946-2 in 15 Cr. 445 ("Plea Tr.") at 8–9. At that proceeding, the Government summarized the plea agreement's terms, including that Count Eight charged possession of a firearm in connection with both the racketeering conspiracy and a firearm conspiracy, *see* Plea Tr. at 19; Harris admitted that he understood those terms, *id.* at 20. The Government then set out the elements of the two offenses, including Count Eight, which it described as based alternatively on the racketeering conspiracy and the narcotics offense, *id.* at 20–23; Harris acknowledged understanding that, too, *id.* at 23. Harris's ensuing allocution covered both underlying offenses, stating, as relevant here, that in connection with the conspiracy among the 18 Park gang, he had engaged in the conduct recited in the plea agreement, including "selling drugs," and that he had possessed a firearm in connection with doing so, *id.* at 24. The Court then confirmed that Harris had admitted the possession of the firearm in furtherance of the gang's drug dealing, *id.* at 25. The Government then proffered that the narcotics that 18 Park had been engaged in distributing had crossed state lines and affected interstate commerce, and the defense agreed. *Id.* at 25–26.[1] Harris's challenge to his firearms conviction therefore lacks merit.

6. Harris, finally, challenges as ineffective his representation by Joshua Dratel, Esq. This claim is principally derivative of Harris's incorrect premise that Count Eight was legally defective. To the limited extent Harris otherwise, conclusorily, asserts ineffective assistance of counsel, that claim fails, for the reasons stated by the Government, *see* G. Mem. at 7–8, which the Court incorporates by reference.

---

[1] As context, the Court notes that the evidence presented at two trials involving other members of 18 Park over which the Court presided overwhelmingly demonstrated that the members of 18 Park, including Harris, engaged in narcotics distribution on a capacious scale, and possessed firearms in connection with doing so.

3

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 922 in Dkt. 15 Cr. 445 and to close this case.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

                                                                       PAUL A. ENGELMAYER
                                                                       United States District Judge

Dated: November 12, 2019
       New York, New York