UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JONATHAN HARRIS,

Defendant.

---

15 Cr. 445-11 (PAE)

OPINION &
ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a *pro se* motion by defendant Jonathan Harris for compassionate release from Federal Correctional Institution Gilmer, pursuant to 18 U.S.C. § 3582(c). For the reasons that follow, the Court denies the motion.

I.    **Background**

On September 29, 2020, the Court denied an initial motion from Harris for compassionate release. *See* Dkt. 1151 ("CR Decision"). This order incorporates by reference the account there of the case background and the Court's analysis in denying relief.

A.  **Harris's Offense Conduct, Plea, and Sentencing**

In brief, Harris was a member of the 18 Park Gang, based out of the Patterson Houses in the Bronx. As a member of 18 Park and in furtherance of its enterprise, Harris participated in a litany of violent acts between 2011 and his arrest in 2015. On five separate occasions, he fired gunshots at other people, often gang rivals, and at least once with the intent to kill. In one incident, Harris shot the hat off the head of a police officer, who was, fortunately, unharmed. In another, he fired shots at an individual whose brother, Brandon Howard, had been murdered in 2008 by 18 Park leader Jonathan Rodriguez. On another occasion, he, along with several other

18 Park members, personally assaulted and stabbed another rival gang member in a barber shop in the Bronx. CR Decision at 1 (citations omitted).

On August 10, 2017, after several of his co-defendants were convicted at two trials, Harris pled guilty to two counts of a superseding indictment. These charged him with conspiring to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and using a firearm, which was discharged, during and in connection with both a racketeering conspiracy and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), and (iii). On December 11, 2017, the Court imposed a sentence of 132 months' imprisonment—below the effective Guidelines range of between 195 and 228 months imprisonment, to be followed by five years' supervised release. CR Decision at 2 (citations omitted).

### B. Harris's Initial Motion for Compassionate Release

On August 11, 2020, Harris moved for compassionate release in light of the COVID-19 pandemic, and his appointed counsel later filed a memorandum in support. The memorandum was based on the pandemic, Harris's having served nearly half his sentence, his productive activities in prison, and his desire to care for his grandmother. *Id.* at 2 (citations omitted).

On September 29, 2020, the Court denied the motion, for several reasons. Harris had not shown extraordinary or compelling reasons justifying release. He was age 25 and had not shown any medical condition putting him at heightened risk from COVID-19. And Harris's desire to care for his grandmother did not justify release; Harris had not claimed even to be her only available caregiver. In any event, Harris's violent offense conduct suggested that his release would endanger the community. And the § 3553(a) factors, viewed in combination, continued to support the sentence imposed. The Court had found the sentence imposed necessary to achieve

2

just punishment and to protect the public. Harris's early release, the Court found, would disserve the § 3553(a) factors. *Id.* at 6–9 (citations omitted).

### C. Harris's Current Motion

On May 14, 2024, Harris, *pro se*, submitted a one-page motion for a reduction of sentence. Dkt. 1333. It stated that his release to a halfway house, by his calculation, was within 120 days and he wished to attend his sister's graduation, which was 30 days away, and that attending the graduation "would be a critical opportunity for [him] to renew family connections that will be an important resource in [his] efforts at successful re-entry." *Id.*

On July 3, 2024, the Government responded. Dkt. 1337. It opposed Harris's motion for early release because he had failed to exhaust administrative remedies before moving; he had not demonstrated extraordinary and compelling reasons warranting his release; and the 18 U.S.C. § 3553(a) factors continued to weigh against his early release. The Government represented that the Bureau of Prisons ("BOP") had informed it that Harris is scheduled to be released to a residential reentry center on or about August 20, 2024, and that his expected release date is July 15, 2025. *Id.* at 2.

## II.    Discussion

### A.    Standards Governing Compassionate Release Motions

"[U]pon motion of the defendant," and "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," the Court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of proving he is entitled to compassionate release. *See United*

*States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (citations omitted)); *see also, e.g., United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010).

Originally, § 3582(c)(1)(A) did not permit defendants to initiate compassionate release proceedings; it required the BOP to seek such release on their behalf. *See United States v. Phillibert*, 557 F. Supp. 3d 456, 459 (S.D.N.Y. 2021). However, "[a]s part of the First Step Act of 2018, Congress authorized courts to reduce a term of imprisonment upon motion by a defendant." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (per curiam).

Although Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence, *United States v. Brooker*, 976 F.3d 228, 232 (2d Cir. 2020) (citing 28 U.S.C. § 994(t)), before November 1, 2023, the Sentencing Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act. This guidance thus applied only to a "motion of the Director of the Bureau of Prisons," *see* U.S.S.G. § 1B1.13 (historical note), and not "to compassionate release motions brought by defendants," *Brooker*, 976 F.3d at 236; accordingly, the Second Circuit held in 2020, this guidance "[could not] constrain district courts' discretion to consider whether any reasons [were] extraordinary and compelling" in such cases, *id. See also id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Thus, through November 1, 2023, when assessing a motion brought by an imprisoned defendant and not the BOP, a district court was not constrained by U.S.S.G. § 1B1.13's enumeration of extraordinary and compelling reasons and could "consider the full slate of extraordinary and compelling reasons

that an imprisoned person might bring before [it] in motions for compassionate release." *Id.* at 237.

Effective November 1, 2023, however, the Sentencing Commission amended the Guidelines to also cover defendant-initiated petitions. *See generally* U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023). The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.

The Commission's updated guidance identifies six circumstances that, singly or in combination, may so qualify. U.S.S.G. § 1B1.13(b). These are:

- *Medical circumstances of the defendant.* U.S.S.G. § 1B1.13(b)(1). In addition to previously recognized circumstances such as a defendant suffering from a terminal illness or a serious medical condition, *id.* § 1B1.13(b)(1)(A)–(B), the amended guidelines direct courts to consider whether the defendant is "suffering from a medical condition that requires long-term or specialized medical care" that is not being provided in prison and without which the defendant is at risk of serious health deterioration or death, *id.* § 1B1.13(b)(1)(C), or is held at a facility affected by or at imminent risk of being affected by an outbreak of infectious disease or other "ongoing public health emergency declared by the appropriate federal, state, or local authority," where "due to personal health risk factors and custodial status," the defendant is at a greater risk of severe complications upon exposure, and where "such risk cannot be adequately mitigated in a timely manner." *Id.* § 1B1.13(b)(1)(D). This factor was informed by compassionate release decisions coming out of the COVID-19 pandemic. *See* U.S. Sent'g Comm'n, Guidelines Manual 2023: Supplement to Appendix C at 206 (Nov. 1, 2023).

- *Age of the defendant.* Coupled with a deterioration in physical or mental health corresponding with the aging process as well as the portion of the original sentence served at the time of a compassionate release motion, this may support sentence reduction. U.S.S.G. § 1B1.13(b)(2).

- *Family circumstances of the defendant.* Where the defendant is the "only available caregiver" for an immediate family member, this may support a sentence reduction. *See id.* § 1B1.13(b)(3).

- *Victim of abuse in custody.* Where the defendant while in custody on the sentence in question was a victim of sexual abuse, or physical abuse resulting in serious bodily injury "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant," and the misconduct was "established by a conviction in a criminal case, a

finding or admission of liability in a civil case, or a finding in an administrative proceeding," this may support a sentence reduction. *Id.* § 1B1.13(b)(4).

- *Catchall provision.* Where a defendant presents "any other circumstance or [a] combination of circumstances" that themselves or with the above circumstances are similar in gravity to those above, such may support sentence reduction. *Id.* § 1B1.13(b)(5). The Commission "rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity[.]" U.S. Sent'g Comm'n, Guidelines Manual 2023: Supplement to Appendix C at 207 ("[T]he Commission continues to believe . . . that judges are in a unique position to determine whether the circumstances warrant a reduction. Guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts[.]" *Id.* (cleaned up).

- *Unusually long sentence plus changes in law.* Where a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances. U.S.S.G. § 1B1.13(b)(6).

Finally, even if extraordinary and compelling reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

### B.    Application to Harris's Application

Harris's application is properly denied, for all three reasons in the Government's opposition.

First, he has not demonstrated that he has exhausted his administrative remedies. His one-page motion states he has done so, *see* Dkt. 1333, but he has not attached documentation to that effect, and the Government represents that BOP records do not reflect exhaustion of his remedies, *see* Dkt. 1337 at 4. In light of that deficiency, the Court is required, under 18 U.S.C. § 3582(c)(1)(A)(i) to deny his motion. *See, e.g., United States v. Lopez*, No. 16 Cr. 317-22 (PAE), 2024 WL 964593, at *4 (S.D.N.Y. Mar. 5, 2024) ("Exhaustion of administrative

remedies is . . . mandatory before a § 3582(c) motion can be granted."); *United States v. O'Bryant*, No. 16 Cr. 0317-3 (PAE), 2023 WL 8447995, at *5 (S.D.N.Y. Dec. 6, 2023) (compassionate release request denied where defendant failed to attach proof of his exhausting administrative remedies and BOP found no record of such attempt); *United States v. Guzman*, No. 11 Cr. 514 (CM), 2023 WL 4863454, at *3 (S.D.N.Y. July 31, 2023) (same).

Second, Harris has not articulated extraordinary and compelling reasons for his release. His desire to attend a family graduation is understandable but not unusual. And the imminence of his release date, by definition, does not itself represent an extraordinary circumstance. *See, e.g.*, *United States v. Fiseku*, No. 14 Cr. 384-1 (PAE), 2020 WL 7695708, at *4 (S.D.N.Y. Dec. 28, 2020) (prolonged separation from his family or inability to attend to their needs did not differentiate defendant from other prisoners); *United States v. O'Bryant*, No. 16 Cr.0317-3 (PAE), 2022 WL 17168192, at *2 (S.D.N.Y. Nov. 22, 2022) (similar).

Third, both at sentencing, and on Harris's initial motion for compassionate release, the Court assessed that the § 3553(a) factors supported the sentence imposed. Factors favoring that sentence included the interest in just punishment, given the range of retributive violence in which Harris had engaged in support of 18 Park, and the interest in public protection. Harris's current motion does not engage with that issue, beyond stating, conclusorily, that his early release "will be in the interest of justice." Dkt. 1333. On the record before the Court, the § 3553(a) factors, considered together, continue to favor the sentence imposed. *See, e.g.*, *United States v. Butler*, No. 18Cr.834-10 (PAE), 2022 WL 17968627, at *3 (S.D.N.Y. Dec. 27, 2022) (The § 3553(a) factors, "in totality," did not justify a reduction in the original sentence considering, among other things, defendant's "part in public acts of violence in connection with retaliatory and vicious conduct that endangered members of the public"); *United States v. Wright*, No. 15 Cr. 445-3

(PAE), 2022 WL 134870, at *5 (S.D.N.Y. Jan. 13, 2022) (similar); *United States v. Hope*, 464 F. Supp. 3d 646, 650 (S.D.N.Y. 2020) (interest in public safety weighed heavily against early release where defendant's conduct had been "violent, severe, and senseless").

## CONCLUSION

For the reasons stated, the Court denies Harris's renewed motion for compassionate release. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 1333.

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Dated: August 7, 2024
New York, New York